IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

K.H., a minor, and DETRELL HUTCHERSON,
parent and sole legal custodian of the minor K.H.,

                Plaintiffs,        CIVIL ACTION NO.: 2:20-cv-1867

                v.

PENNSYLVANIA INTERSCHOLASTIC
ATHLETIC ASSOCIATION, DR. ROBERT A.    PLAINTIFFS' EMERGENCY
LOMBARDI in his capacity as Executive         MOTION FOR
Director,                                                  REMAND TO STATE COURT

                Defendants.

Plaintiffs, K.H., a minor, and DETRELL HUTCHERSON, parent and sole legal custodian of the minor K.H., by and through their attorneys Michael J. Rogal and Sara J. Flasher, respectfully request this Court for an emergency order remanding this case back to the State court from which it was removed.

Plaintiffs also request the order require Defendants' payment of just costs and actual expenses incurred by Plaintiffs as a result of the removal. 28 U.S.C. §1447. Defendants waived their right to removal because of their clear and unequivocal intent to proceed with this case in the State court. Because these actions were clearly inconsistent with the Defendants' right of removal, remand to the State court is appropriate.

The grounds for this motion are more fully set forth in the attached Memorandum in Support.

                                            Respectfully submitted,

                                            /s/Michael J. Rogal
                                            Sara Flasher, Esquire
                                            Attorney ID No.  202288
                                            Michael Rogal, Esquire
                                            Attorney ID No.  76021
                                            Mailing Address: PO Box 384, Warren, PA 16365
                                            Phone: 412-977-2437
                                            legal007@aol.com, rogalmike@gmail.com

Dated: December 3, 2020             Attorneys for the Plaintiffs

## EMERGENCY MOTION TO REMAND

To:   UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNYLVANIA

Pursuant to Plaintiffs K.H. and Detrell Hutcherson hereby request remanding of the above captioned item back to Allegheny County Court of Common Pleas. In support emergency remand as follows:

## FACTS

1. Plaintiffs file complaint and motion for injunctive relief for K.H, a minor on November 20, 2020 Docket GD-20-001915.

2. The hearing is scheduled with Judge Patrick Connelly on December 3, 2020 at 1 p.m. on November 23, 2020 by consent of defense counsel.

3. On December 2, 2020 without prior discussion, the defendants removed the case to Federal Court and I was noticed at 12:44 p.m. and fortuitously found it on e-mail around 3 p.m. Defense notice was 1 day and 16 minutes before the date and time to which defense consented. This was done strategically in the hopes of delay.

4. I responded by saying any and all federal claims would be removed from the complaint, motion for injunctive relief, and brief such that we should proceed in Common Pleas Court. I sent the amended complaint, motion for injunctive relief, and brief containing no element that would allow federal jurisdiction or federal subject matter to defense counsel (to be filed 8:30 a.m.)  Their response was that the matter was out of the hands of Common Pleas Court such that I need a remand from federal court to be able to have my case heard tomorrow. Of course

by the time this occurred, it was too late to file an emergency remand motion or my amended complaint, motion for injunction and brief.

5. There is an expert and 3 other witnesses for whom I need testimony. I have video technical support. Co-counsel is coming from Warren Pa. This creates a huge burden. Defense counsel used forum shopping in a way to intentionally delay the case so that we would not be able to get it heard in a timely.

6. Defense counsel has delayed the injunctive relief hearing as my 16 year old client suffers immediate, ongoing, and irreparable harm. They also delayed by being unavailable at the pretrial conference when Judge Connelly offered a December 2, 2020 hearing date. They have had the case 12 days to change forums. We believe that we should have had notice soon enough to be able to respond to it. Attorney Simmons said at the pretrial conference that he was unavailable on December 2, 2020, but somehow found the time to author the removal of civil action.

7. Our only hope to proceed is to file a motion for emergency remand so that the complaint can return to civil court and our case can be heard tomorrow. The amended complaint has no federal complaints or federal jurisdiction and will be filed at 8:30 a.m. in Common Pleas tomorrow.

8. This case involves a child who has ongoing "immediate and irreparable" harm each day the defense delays as our brief outlines.

9. The Court should have great interest in expediting this Injunction Relief Hearing in Common Pleas Court.

10. The last minute chicanery even prevented our emergency remand filing from having a case number in federal court tonight as the defense filing did not give the Court time to get a case number or a assign federal judge to hear our pleading. It is for that reason that we have no hearing number on this filing.

11. Attached are the amended Complaint, Motion for injunctive relief, and Brief. No federal claim will be in the Complaint, Motion, or Brief. If any were missed on redaction, we will withdraw any federal questions if discovered.

12-Our client needs immediate injunctive relief for 1 p.m. tomorrow.

13.Our expert was difficult to schedule and we need the doctor's testimony.

14-Amended state Court claims will be filed with the Allegheny Court of Common Pleas. The amended filings have been sent to defense counsel excluding all federal claim. The disclaimer was made because of little time that any residual Federal claim will be removed.

16-At the November 23, 2020 pretrial conference, Mr. Boynton stated the injunction is moot, announcing before Judge Connelly that he would appeal automatically if he lost the verdict and my client would be not be able to play in the playoffs without a verdict. This is because if the appellate court reverses the decision and my client played in the playoffs, his team would have to forfeit any playoff games they won. The PIAA holds itself out to be for children's health competition, and positive values.  These type of legal strategies are destructive, unnecessary, and adversarial to children. They espouse the rule of judicial non-interference when there is no other recourse.

MEMORANDUM IN SUPPORT

I.  The State Court Claims and Proceedings

Plaintiffs filed a complaint (alleging state law arbitrary, capricious, and discrimination claims) and Petition for Injunctive Relief with the Allegheny County, Pennsylvania, Court of Common Pleas Court on November 20, 2020.

On November 23, 2020, an initial conference before the State Court was held wherein a discussion of a preliminary injunction hearing occurred.

In furtherance of the items discussed at the conference, the parties negotiated and, agreed to a full airing of the issues at a preliminary injunction hearing to be held for the Plaintiffs starting at 1 p.m. on Thursday, December 3, 2020 and for the Defendants at 1:00 p.m. on December 10, 2020.  In fact, the Defendants required several options for dates to permit "several witnesses" to appear, who may aid in their defense of the underlying action, and with their conflicting schedules.  Finally, Defendants informed the State Court they would appeal any negative decision immediately to the Commonwealth Court.

II. Defendants Waived Their Right to Removal

A defendant normally has the right to request to remove an action to federal court. 28 U.S.C. §1446(b). That right may be waived by acts that indicate a submission to the jurisdiction of the State court. Bedell v. H.R.C. Ltd., 522 F. Supp. 732, 737 (E.D. Ky 1981). The right of removal is a statutory right that can only be waived when the waiver is "clear and unequivocal." City of Cleveland. v. Ameriquest Mortgage Securities, Inc. 615 F.3d 496, 501 (6th Cir. 2010), citing Cadle Co. v. Reiner, Reiner & Bendett,

5

P.C., 307 Fed.Appx. 884, 886 (6th Cir. 2009); Regis Associates v. Rank Hotels, 894 F.2d 193, 195 (6th Cir. 1990); Where a clear of intent to submit the case in the State court is found, remanding the case back to the State court from which it was removed is proper. Atlanta, K & N Ry. Co. v. Southern Ry. Co., 131 F. 657, 661 (6th Cir. 1904). The critical factor in determining whether a particular defensive action in the State court should operate as a waiver of the right to remove is the defendant's intent in making the motion. Here, Defendants' intent to litigate in the State court can be established through express and implicit conduct. First, and perhaps most telling of Defendants' intent to waive the right to removal is Defendants' express agreement to selection of hearing dates to make their witnesses and the Attorneys available to participate; not to defend the case until Defendants filed for removal. These actions show the Defendants' clear intent to litigate in, and submit to the jurisdiction of, the State court.

Waiver becomes clear when a defendant makes affirmative use of a State court. Rose v. Giamatti, 721 F. Supp. 906, 921 (S.D. Ohio 1989); Southwest Truck Body Co. v. Collins, 291 F.Supp. 658 (1968, WD Mo); Zbranek v. Hofheinz, 727 F. Supp. 324, (E.D. Tex 1989). In Southwest Truck Body Co., supra, the defendants sought to dissolve a preliminary injunction and other preliminary actions in State court. The defendants thereafter removed the case to federal court. The court held that the defendants voluntarily submitted to the jurisdiction of the State court and thus could not thereafter be allowed to remove the case to federal court under 28 U.S.C.A. §1441. 291 F.Supp. at 662. In Zbranek, supra, the defendant was held to have manifested the intent to have the case adjudicated in State court and abandon the right to a federal forum by seeking an injunction. 727 F. Supp. at 325. In Rose, supra, the court held that there was

6

not a clear waiver in the case and that a court should be reluctant to grant a waiver. Id. at 908-09. Like in this case, the defendants in Rose appeared to contest a temporary restraining order and participated in discovery related thereto. Id. at 923. In Rose, the defendants simply defended the scheduled proceedings in State court before filing for removal. Unlike Rose, here the Defendants expressly, and unequivocally, requested hearing dates and agreed to "full airing of the issues at a preliminary injunction" before the State court. This was no simple request for a continuance; Defendants explicitly requested to take full advantage of the State court proceedings for an adjudication on the merits with their intent to appeal an unfavorable decision before seeking removal to this Federal Court.

Accordingly, Defendants have waived their right of removal and this action should be remanded to the State court from which it was removed.

### III. Plaintiff's Complaint

Plaintiff filed an Amended Complaint on December 3, 2020 and the Federal questions were removed. This was not a manipulative tactic to secure a state forum. The arguments initially raised were arguments, not raised as Federal Questions. The Defendant is aware the Federal claims would likely fail.

### IV. Conclusion

Accordingly, Plaintiffs respectfully request this Court to remand the proceedings to the State court and for costs and attorney fees associated with this Motion.

Respectfully submitted,

/s/Michael J. Rogal_____

Sara Flasher, Esquire
Attorney ID No.  202288
Michael Rogal, Esquire
Attorney ID No.  76021
Mailing Address: PO Box 384, Warren, PA 16365
Phone: 412-977-2437
legal007@aol.com
rogalmike@gmail.com
Attorneys for the Plaintiffs