IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **K.H.**, a minor and **DETRELL HUTCHERSON**, *parent and sole legal custodian of the minor K.H.*, <br><br> Plaintiffs, <br><br> v. <br><br> **PIAA** and **DR. ROBERT A. LOMBARDI** *in his capacity as Executive Director*, <br><br> Defendants. | Civil Action No. 20-1867 <br><br> Judge Marilyn J. Horan |

**ORDER ON STIPULATION TO REMAND**

AND NOW, this 7th day of December, 2020 the parties' Stipulation to Remand, ECF No.6, is approved. This matter is dismissed without prejudice and will be remanded to the Court of Common Pleas of Allegheny County. The Court acknowledges that the parties have stipulated and agreed that, should Plaintiffs not file the Amended Complaint attached as Exhibit 1 to the Stipulation to Remand in the Court of Common Pleas of Allegheny County within five days of this Court's remand Order, Plaintiffs agree that Defendants may choose to again remove the matter to this Court pursuant to applicable law.[1] The parties shall bear their own costs and fees for all matters related to the removal and remand of this matter.

---

[1] In fact, the parties stipulated that the Court would order that, if the Plaintiffs do not file the Amended Complaint referenced in the Stipulation in the Court of Common Pleas of Allegheny County within five days of the entry of the Court's order to remand, "Defendants are given leave to again remove the matter to this Court." ECF No. 6, at ¶ 6.D. The Court cannot do this as once this matter is remanded to the Court of Common Pleas of Allegheny County, this Court has no jurisdiction over this matter or the parties. "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). The Court understands that the purpose of said stipulation is to ensure that Plaintiffs will in fact file the proposed Amended Complaint that removes any basis for federal jurisdiction. As stated in the body of the Opinion, the Court acknowledges the parties' stipulation, but takes no position as to whether such an agreement, in practice, is in accord with applicable laws."

IT IS FURTHER ORDERED that the Clerk of Courts shall remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania, FORTHWITH.

IT IS SO ORDERED.

                                                        Marilyn J. Horan
                                                        United States District Judge